UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | |
|---|---|
| BETHANY VAN HORN, ) | |
| ) | |
| Plaintiff, ) | Case No. 1:11-cv-763 |
| ) | |
| v. ) | Honorable Paul L. Maloney |
| ) | |
| COMMISSIONER OF ) | |
| SOCIAL SECURITY, ) | |
| ) | **REPORT AND RECOMMENDATION** |
| Defendant. ) | |
| _____) | |

       This is a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security finding that plaintiff was not entitled to disability insurance benefits (DIB).  On February 14, 2008, plaintiff filed her application for benefits alleging a September 25, 2003 onset of disability. (A.R. 117-23).  Plaintiff's disability insured status expired on December 31, 2006.  Thus, it was plaintiff's burden to submit evidence demonstrating that she was disabled on or before December 31, 2006.  *See Moon v. Sullivan*, 923 F.2d 1175, 1182 (6th Cir. 1990).

       Plaintiff's claim for benefits was denied on initial review. (A.R. 73-77).  On April 21, 2010, she received an administrative hearing (A.R. 24-70), at which she was represented by counsel.  On June 1, 2010, the ALJ issued a decision finding that plaintiff was not disabled. (A.R. 11-18).  On May 24, 2011, the Appeals Council denied review (A.R. 2-4), and the ALJ's decision became the Commissioner's final decision.

Plaintiff filed a timely complaint seeking judicial review of the Commissioner's decision denying her claim for DIB benefits. She argues that the ALJ's decision should be overturned on the following grounds:

1. The ALJ failed to explain his "rejection of Bethany Van Horn's credibility necessitating a remand to consider the evidence as required by Social Security Regulations and Rulings;" and

2. The ALJ failed "to give a valid reason for rejecting Ms. Van Horn's testimony about the sedating side effects of her pain medication."

(Statement of Errors, Plf. Brief at 1, docket # 14). Upon review, I recommend that the Commissioner's decision be vacated and that the matter be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings because the ALJ's factual finding regarding plaintiff's credibility is so perfunctory that it does not permit meaningful appellate review.

**Standard of Review**

When reviewing the grant or denial of social security benefits, this court is to determine whether the Commissioner's findings are supported by substantial evidence and whether the Commissioner correctly applied the law. *See Elam ex rel. Golay v. Commissioner*, 348 F.3d 124, 125 (6th Cir. 2003); *Buxton v. Halter*, 246 F.3d 762, 772 (6th Cir. 2001). Substantial evidence is defined as "'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Heston v. Commissioner*, 245 F.3d 528, 534 (6th Cir. 2001) (quoting *Richardson v. Perales*, 402 U.S. 389, 401 (1971)); *see Rogers v. Commissioner*, 486 F.3d 234, 241 (6th Cir. 2007). The scope of the court's review is limited. *Buxton*, 246 F.3d at 772. The court does not review the evidence *de novo*, resolve conflicts in evidence, or make credibility determinations. *See Ulman v.*

*Commissioner*, No. 11-2304, __ F.3d __, 2012 WL 3871353, at * 4 (6th Cir. Sept. 7, 2012); *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997). "The findings of the [Commissioner] as to any fact if supported by substantial evidence shall be conclusive . . . ." 42 U.S.C. § 405(g); *see McClanahan v. Commissioner*, 474 F.3d 830, 833 (6th Cir. 2006). "The findings of the Commissioner are not subject to reversal merely because there exists in the record substantial evidence to support a different conclusion. . . . This is so because there is a 'zone of choice' within which the Commissioner can act without fear of court interference." *Buxton*, 246 F.3d at 772-73. "If supported by substantial evidence, the [Commissioner's] determination must stand regardless of whether the reviewing court would resolve the issues of fact in dispute differently." *Bogle v. Sullivan*, 998 F.2d 342, 347 (6th Cir. 1993); *see Smith v. Chater*, 99 F.3d 780, 782 (6th Cir. 1996) ("[E]ven if the district court -- had it been in the position of the ALJ -- would have decided the matter differently than the ALJ did, and even if substantial evidence also would have supported a finding other than the one the ALJ made, the district court erred in reversing the ALJ."). "[T]he Commissioner's decision cannot be overturned if substantial evidence, or even a preponderance of the evidence supports the claimant's position, so long as substantial evidence also supports the conclusion reached by the ALJ." *Jones v. Commissioner*, 336 F.3d 469, 477 (6th Cir. 2003); *see Kyle v. Commissioner*, 609 F.3d 847, 854 (6th Cir. 2010).

## Discussion

The ALJ found that plaintiff met the disability insured requirement of the Social Security Act from September 25, 2003, through December 31, 2006, but not thereafter. (A.R. 13). Plaintiff had not engaged in substantial gainful activity on and after September 25, 2003. (A.R. 13).

The ALJ found that plaintiff had the following severe impairments: "degenerative disc disease cervical spine, status post [September 30, 2004 anterior cervical] fusion, and asthma." (A.R. 13). Through her date last disability insured, plaintiff did not have an impairment or combination of impairments which met or equaled the requirements of the listing of impairments. (A.R. 15). The ALJ found that plaintiff retained the residual functional capacity (RFC) for a limited range of light work. (A.R. 15). The ALJ found that plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were "not credible to the extent they [were] inconsistent with the above residual functional capacity assessment." (A.R. 17). The ALJ found that through her date last disability insured, plaintiff was capable of performing her past relevant work as an assembler and as a combination payroll clerk and laborer. (A.R. 18). The ALJ found that plaintiff was not disabled at step 4 of the sequential analysis.[1] (A.R. 18).

      Plaintiff argues that the ALJ failed to provide an adequate explanation of his factual finding regarding plaintiff's credibility. (Plf. Brief at 10-16). Credibility determinations concerning a claimant's subjective complaints are peculiarly within the province of the ALJ. *See Gooch v. Secretary of Health & Human Servs.*, 833 F.2d 589, 592 (6th Cir. 1987). "An ALJ is in the best

---

[1] "Administrative law judges employ a five-step sequential inquiry to determine whether a claimant is disabled within the meaning of the Social Security Act." *Warner v. Commissioner*, 375 F.3d 387, 390 (6th Cir. 2004). Under the sequential analysis, "The claimant must first show that she is not engaged in substantial gainful activity. Next, the claimant must demonstrate that she has a 'severe impairment.' A finding of 'disabled' will be made at the third step if the claimant can then demonstrate that her impairment meets the durational requirement and 'meets or equals a listed impairment.' If the impairment does not meet or equal a listed impairment, the fourth step requires the claimant to prove that she is incapable of performing work that she has done in the past. Finally, if the claimant's impairment is so severe as to preclude the performance of past work, then other factors, including age, education, past work experience, and residual functional capacity, must be considered to determine if other work can be performed. The burden shifts to the Commissioner at this fifth step to establish the claimant's ability to do other work." *White v. Commissioner*, 572 F.3d 272, 282 (6th Cir. 2009).

position to observe witnesses' demeanor and to make an appropriate evaluation of their credibility. Therefore, an ALJ's credibility assessment will not be disturbed absent compelling reason." *Reynolds v. Commissioner*, 424 F. App'x 411, 417 (6th Cir. 2011) (citation omitted). It is the ALJ's function to determine credibility issues. *See Siterlet v. Secretary of Health & Human Servs.*, 823 F.2d 918, 920 (6th Cir. 1987). The court does not make its own credibility determinations. *See Ulman v. Commissioner*, 2012 WL 3871353, at * 4; *Walters v. Commissioner*, 127 F.3d 525, 528 (6th Cir. 1997).

The error in the ALJ's decision is his failure to articulate why he found that plaintiff's testimony was not credible. On September 30, 2004, plaintiff had an anterior cervical fusion at C6-7 with discectomy cord decompression. (A.R. 300-01). She claims an onset of disability a year before her surgery. (A.R. 42). She testified that before surgery she could not lift even light objects with her right arm. (A.R. 43). Her condition temporarily improved after surgery, but her neck pain returned. (A.R. 44). Plaintiff testified that she experienced constant pain in her leg joints and muscles. (A.R. 48). She could not reach overhead. (A.R. 60). She stated that she experienced somnolence as a side effect of her medications. (A.R. 50, 64). She testified that pollen, smoke, and fumes aggravated her asthma. (A.R. 52-53). Plaintiff testified that before her date last disability insured, she experienced significant depression, which included memory loss and an inability to concentrate. (A.R. 55-56). The ALJ's opinion contains no discussion of the substance of plaintiff's testimony. Rather than undertaking an analysis of plaintiff's testimony and explaining why her statements regarding the intensity, persistence, and limiting effects of her impairments were not fully credible, the ALJ simply provides the conclusion that plaintiff's statements regarding her symptoms are not credible to the extent that they are inconsistent with his RFC finding. (A.R. 17). Meaningful

appellate review requires more than a blanket assertion by an ALJ that "the claimant is not believable." *Rogers v. Commissioner*, 486 F.3d 234, 248 (6th Cir. 2007). The ALJ's credibility determination "must be sufficiently specific to make clear to the individual and to any subsequent reviewers the weight the adjudicator gave to the individual's statements and the reasons for that weight." *Rogers*, 486 F.3d at 248. The ALJ's opinion is patently deficient in this regard.

Plaintiff asks the court to order the Commissioner to award DIB benefits. (Plf. Brief at 16). "[T]he court can reverse the [Commissioner's] decision and immediately award benefits only if all essential factual issues have been resolved and the record adequately establishes a plaintiff's entitlement to benefits." *See Faucher v. Secretary of Health & Human Servs.*, 17 F.3d 171, 173 (6th Cir. 1994). "A judicial award of benefits is proper only where the proof of disability is overwhelming or where the proof of disability is strong and evidence to the contrary is lacking." *Id.*; *see Mowery v. Heckler*, 771 F.2d 966, 973 (6th Cir. 1985); *see also Kalmbach v. Commissioner*, 409 F. App'x 852, 865 (6th Cir. 2011). Here, the "bulk of the medical evidence" is from the period after plaintiff's date last disability insured. (A.R. 17). The Commissioner's decision should be reversed because the ALJ failed to make adequate factual findings, not because the record strongly establishes plaintiff's entitlement to benefits.

**Recommended Disposition**

For the reasons set forth herein, I recommend that the Commissioner's decision be vacated and that the matter be remanded to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings.

Dated:  September 21, 2012            /s/  Joseph G. Scoville
                                       United States Magistrate Judge

**NOTICE TO PARTIES**

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir.), *cert. denied*, 129 S. Ct. 752 (2008); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006). General objections do not suffice. *Spencer v. Bouchard*, 449 F.3d 721, 724-25 (6th Cir. 2006); *see Frontier*, 454 F.3d at 596-97; *McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006).