UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

| | | |
|---|---|---|
| BETHANY VAN HORN, | ) | |
| | ) | |
| Plaintiff, | ) | Case No. 1:11-cv-763 |
| | ) | |
| v. | ) | Honorable Paul L. Maloney |
| | ) | |
| COMMISSIONER OF | ) | |
| SOCIAL SECURITY, | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This was a social security action brought under 42 U.S.C. § 405(g) seeking review of a final decision of the Commissioner of Social Security denying plaintiff's claim for disability insurance benefits (DIB). In 2012, this court entered a judgment vacating the Commissioner's decision and remanding this matter to the Commissioner under sentence four of 42 U.S.C. § 405(g) for further administrative proceedings. (docket # 18). On January 23, 2013, the court entered a judgment awarding plaintiff attorney's fees under the EAJA in the amount of $2,000.00 as reasonable compensation for the 16 hours her attorney spent in representing plaintiff in this court. (docket # 24). It is undisputed that plaintiff gave the $2,000.00 to her attorney, Thomas Geelhoed, as payment for the services he rendered in this lawsuit.

Attorney Geelhoed continued to represent plaintiff during administrative proceedings after this case closed in 2011. (*see* docket # 28, ID#s 697-98). The Social Security Administration found that plaintiff was disabled and entitled to an award of past-due benefits. The matter is now before the court on a motion by Attorney Geelhoed for attorney's fees under 42 U.S.C. § 406(b),

payable from the Administration's award of past-due benefits. (docket # 25). I recommend that plaintiff's attorney's motion be granted and that he be awarded $3,300.00, payable from the award of past-due benefits as provided by statute.

## Proposed Findings of Fact

Plaintiff received an award of $49,182.00 in past-due benefits. She received payment of $37,058.40. The Administration retained a total of $12,123.60 to cover potential awards of attorney's fees. (docket # 28 at ID#s 687-88, 691-95). The Social Security Administration then paid plaintiff's attorney $5,300.00 from the from amount withheld. (*Id.* at ID# 688). The remaining $6,823.60 is being held by the Administration to cover a potential award of attorney's fees by this court under 42 U.S.C. § 406(b).

Plaintiff's attorney's "regular hourly range for legal services ranges from $175 to $250 per hour." (docket # 25, Geelhoed Aff. ¶ 8, ID# 678). He spent a total of 16 hours representing plaintiff in this court. (*Id.* at ¶ 9, ID# 679). He has already received $2,000.00 for the work he performed in this lawsuit pursuant to the court's judgment awarding attorney's fees under the EAJA. (docket # 25, ID# 662). Attorney Geelhoed has reached an agreement with his client that $3,300.00 is an appropriate "net fee" payable from the remaining amount of past-due benefits held by the Administration. (*Id.*).

## Discussion

Section 406 "deals with administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; 406(b) controls fees for representation in court." *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002). "[E]ach tribunal may award fees only

-2-


Case 1:11-cv-00763-PLM-JGS  ECF No. 31 filed 07/29/14  PageID.707  Page 3 of 5


for the work done before it." *Horrenstein v. Secretary of Health & Human Servs.*, 35 F.3d 261, 262 (6th Cir. 1994). This court cannot award plaintiff's attorney anything under section 406 for the work he performed at the administrative level.[1]

Attorney's fees under section 406(b) can only be awarded out of the plaintiff's award of past-due benefits. "A prevailing claimant's fees are payable only out of the benefits recovered; in amount, such fees may not exceed 25 percent of past-due benefits." *Gisbrecht*, 535 U.S. at 792. Section 406(b) "does not authorize the prevailing party to recover fees from the losing party. Section 406(b) is of another genre: It authorizes fees payable from the successful party's recovery." *Gisbrecht*, 535 U.S. at 802. Section 406(b)(1)(A) states that "[w]henever a court renders a judgment favorable to a claimant under this subchapter who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment[.]" 42 U.S.C. § 406(b)(1)(A).

The Supreme Court has held that section 406(b) calls for court review of such contingency fee arrangements "as an independent check, to assure that they yield reasonable results in particular cases. Congress has provided one boundary line: Agreements are unenforceable to the extent that they provided for fees exceeding 25 percent of past-due benefits. Within the 25 percent boundary . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services rendered." *Gisbrecht*, 535 U.S. at 807. "Courts that approach fee determinations by

---

[1] The portion of the motion asking the court "to approve an attorney fee of $10,600" (docket # 25, ID# 664) has been disregarded, because the court plays no role in "approving" any award for attorney's fees made by the Administration. Counsel has already received $5,300.00 from the Administration and the $2,000.00 awarded under the EAJA. An award of $3,300.00 under section 406(b) will bring the attorney's total compensation to $10,600.00.

looking first to the contingent-fee agreement, then testing it for reasonableness, have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved. . . . If the attorney is responsible for delay, for example, a reduction is in order so that the attorney will not profit from the accumulation of benefits during the pendency of the case in court. If the benefits are large in comparison to the time counsel spent on the case, a downward adjustment is similarly in order." *Gisbrecht*, 535 U.S. at 808 (citations omitted).

The amount sought by Attorney Geelhoed does not exceed the statutory limit. The net total requested, $3,300.00, makes it clear that he is not seeking an impermissible double recovery under the EAJA and section 406(b). *Gisbrecht*, 535 U.S. at 796. An award in the amount sought would not constitute a windfall and would fairly compensate plaintiff's attorney for the services he performed in this matter.

### Recommended Disposition

For the reasons set forth herein, I recommend that plaintiff's attorney's motion (docket # 25) be granted and that the court approve payment from plaintiff's award of past-due benefits to Attorney Thomas Geelhoed in the amount of $3,300.00.

Dated:  July 29, 2014          /s/  Joseph G. Scoville
                               United States Magistrate Judge

### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within fourteen days of service of this notice on you. 28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b). All objections and responses to objections are governed by W.D. MICH. LCIVR 72.3(b). Failure to file timely and specific objections may constitute a waiver of any further right of appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *Keeling v. Warden, Lebanon Corr. Inst.*, 673 F.3d 452, 458 (6th Cir.

2012); *United States v. Branch*, 537 F.3d 582, 587 (6th Cir. 2008). General objections do not suffice. *See McClanahan v. Comm'r of Social Security*, 474 F.3d 830, 837 (6th Cir. 2006); *Frontier Ins. Co. v. Blaty*, 454 F.3d 590, 596-97 (6th Cir. 2006).